Elno D. ROUNDY; Sandra H. Roundy,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 95–70780.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1997.

Submission Deferred June 13, 1997.

Resubmitted Aug. 18, 1997.

Decided Aug. 26, 1997.

---

Elno Roundy, pro per, Kingman, AZ, petitioner-appellant.

Gary R. Allen and Charles Bricken, Tax Division, United States Department of Justice, Washington, DC, for respondent-appellee.

Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.

GOODWIN, Circuit Judge:

Elno D. Roundy and Sandra H. Roundy, husband and wife, appeal pro se a Tax Court decision upholding the Commissioner of Internal Revenue's determination of deficiencies in their federal income tax for the tax year 1989. The Tax Court held that a lump-sum payment from the Civil Service Retirement System was an accelerated distribution of an annuity under I.R.C. § 72 and subject to tax. The Tax Court also imposed a ten-percent penalty under I.R.C. § 72(t)(1) as an early withdrawal from a qualified retirement plan. We affirm.

The facts are undisputed. Elno Roundy was an employee of the Bureau of Land Management for 26 1/2 years. He participated in the Civil Service Retirement System (CSRS), and his mandatory contributions came to $32,886.62. The employer made contributions in the same amount. *See* 5 U.S.C. § 8334(a)(1). Mr. Roundy's contributions had been included in his taxable income in the years paid. *Hogan v. United States,* 513 F.2d 170, 175 (6th Cir.1975). Taxes on the government's contributions and on the interest earned on the employee's investment were deferred, pursuant to I.R.C. §§ 72 & 402(a), until the annuity was distributed and included as income in the years received.

Mr. Roundy retired in 1989 at the age of 48 when his job was discontinued and his supervisors suggested that he take early retirement. At that time, a civil service employee in his situation could elect to take an "alternative form of annuity," which provided a lump-sum payment equal to the amount of his contributions to the fund ($32,886.62), and a reduced annuity of $5,311.83 per year. *See* 5 U.S.C. § 8343a. He chose that option, and received the lump-sum payment in 1989. The Roundys did not declare the $32,886.62 as income, nor did they pay the early-withdrawal (10%) penalty provided under § 72(t).

The IRS treated the lump-sum payment as 1989 income and assessed tax, plus penalties and interest. The Tax Court upheld the IRS assessments, and the Roundys now appeal.

The Roundys contend that the 1989 lump-sum payment was a tax-free return of the previously-taxed money Mr. Roundy had contributed to the CSRS during the years of his federal employment. The IRS argues that the payment was an accelerated distribution of annuity payments, and taxable as such under 26 U.S.C. § 72(e)(2)(A). Both parties agree that a retired employee's contributions to the CSRS should be recovered tax free. They disagree about the time the taxes on the government's contribution be-

come due, and when and how the tax-free purpose is implemented.

 The Commissioner denies, specifically, that the taxpayer is entitled to recover the optional lump-sum payment tax free up front when the payment is separated from the annuity plan, which contemplates the tax-free recovery month by month during the distribution of the periodic payments under the plan. We conclude that a lump-sum payment made from commingled funds and disbursed in a single tax year as an optional payment is gross income, and taxable in the year it is disbursed. 26 U.S.C. § 402(a); *Malbon v. United States,* 43 F.3d 466, 471 (9th Cir. 1994); I.R.C. § 72(a).

In *Malbon,* we held that this type of a lump-sum payment is part of the employee's basic annuity and is taxable in the year received, under 26 U.S.C. § 72(e)(2)(A). The lump-sum payment cannot be treated as tax-free because it is not received pursuant to a separate contract. *Id.* at 470–71. *Malbon* was a district court case in which taxpayers paid the tax and sought a refund. There was no ten-percent added tax involved in *Malbon.* Our case is a review of a Tax Court judgment, which included the penalty and interest. Otherwise, the facts of the two cases are in all material respects similar. Accordingly, we reject the Roundys' invitation to reconsider our holding in *Malbon.* A three-judge panel is bound by a prior judgment of this court unless the case is taken en banc and the prior decision is overruled.

### Additional Tax

 The Roundys also argue that they are not liable for the ten-percent additional tax imposed on early payments from a qualified retirement plan under § 72(t). The Roundys maintain that this ten percent tax applies only to private pension plans and is not applicable to the CSRS. Although this issue has not yet been addressed in this circuit, it has already been resolved by the Federal Circuit in *Shimota v. United States,* 21 Cl.Ct. 510 (1990), *aff'd,* 943 F.2d 1312 (Fed.Cir.1991). We agree with the reasoning and result of *Shimota* and hold that the ten-percent penalty does apply to the CSRS. The text of I.R.C. § 72(t)(1) provides:

> If any taxpayer receives any amount from a qualified retirement plan (as defined in

section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

This section applies to any retirement distribution, so long as it is not specifically exempted and is from a "qualified retirement plan."

The Code contains several specific exemptions from the ten-percent tax. Section 72 lists six specific exemptions from the tax. *See e.g.,* I.R.C. § 72(t)(2). Section 4734 excludes certain "eligible deferred compensation plans" from the definition of "qualified retirement plans." The Roundys do not argue that any of these specific exemptions applies to the CSRS. Accordingly, the CSRS plan is exempt from the tax only if it is not a "qualified retirement plan."

A "qualified retirement plan" is defined by § 4974(c) alternatively as "a plan described in § 401(a);" a "trust exempt from tax under section 501(a);" and "any plan, contract, account, or annuity which, at any time, has been determined by the Secretary to be such a plan, contract, account or annuity." I.R.C. § 4974(c). The CSRS meets all three of these definitions. *Shimota v. United States,* 21 Cl.Ct. at 515.

The judgment of the Tax Court is AFFIRMED.