**REYNOLDS METALS CO.,**
Plaintiff–Appellant,

v.

**Robert ELLIS, Defendant–Appellee.**

No. 98–55096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 1999.

Decided Feb. 10, 2000.

Edward A. Scallet, LeBoeuf, Lamb, Green & MacRae, Washington, D.C., for the plaintiff-appellant.

James B. Kropff, Girardi & Keese, Los Angeles, California, for the defendant-appellee.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEINER,[1] Senior District Judge.

FLETCHER, Circuit Judge:

Reynolds Metals Company seeks reimbursement for payments it made to Robert Ellis because Ellis received a third party settlement from an accident in which he was injured. We have previously held, in *FMC Medical Plan v. Owens*, 122 F.3d

---

**1.** Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1258, 1262 (9th Cir.1997), that actions brought by fiduciaries under the Employee Retirement Income Security Act of 1974 ("ERISA") against beneficiaries to enforce reimbursement clauses (also known as "subrogation" clauses) contained in ERISA plans should be dismissed. This case is controlled by *Owens*. Therefore, we affirm the district court's dismissal of this action.

Robert Ellis, the defendant, was an employee of Reynolds Metals Company ("Reynolds Metals") and a beneficiary in its group medical plan. Ellis was involved in an auto accident in 1994 and was seriously injured. In the aftermath of the accident, the plan paid "no less than $561,-145.21" in benefits to Ellis and his health care providers.

The plan contains a contractual reimbursement provision which states: "If the Plans paid for health care services, supplies or treatment and you receive payment from a third party, you must reimburse the Plans, but not more than the amount of the third-party payment you received." The plan further specifies that reimbursement is required whether payments received are partly or entirely "for health care expenses as the result of a legal settlement or other action arising from an accident, injury or illness."

Sometime in 1997, Ellis settled a claim against the third-parties responsible for the accident, receiving an amount in excess of the benefits paid to him by the plan. Since that time, he has refused to reimburse Reynolds Metals for any of the benefits paid to him.

On August 15, 1997, Reynolds Metals filed suit in federal district court seeking to enforce the contractual reimbursement provision pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). In lieu of answering the complaint, Ellis made a motion to dismiss the action and the district court granted the motion.

■ ERISA provides for a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan. *See* 29 U.S.C. § 1132(e)(1). In order to make such a claim, however, a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available. *See* 29 U.S.C. § 1132(a)(1)-(9). Reynolds Metals invokes the third of the nine categories, which provides that a civil action may be brought:

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3).

To prevail, Reynolds Metals must demonstrate (1) that it is an ERISA fiduciary, and (2) that it is seeking equitable, rather than legal, relief. *See Administrative Comm. v. Gauf*, 188 F.3d 767, 770 (7th Cir.1999); *Owens*, 122 F.3d at 1260.

■ Because there is no serious dispute regarding the status of Reynolds Metals as a fiduciary, the sole issue is whether the relief the plaintiff seeks—namely, reimbursement under the contractual reimbursement provisions of the ERISA plan— is properly characterized as "equitable" within the meaning of § 1132(a)(3).

In *Owens*, FMC, an ERISA fiduciary, brought suit against Jeffrey Owens, an FMC employee and beneficiary of the ERISA plan, to enforce a contractual reimbursement provision. Owens was injured in an automobile accident. As a result of the accident, FMC paid benefits to Owens totaling roughly $50,000. Owens subsequently settled his claim against the driver of the other car for $100,000. The FMC plan included a contractual reimbursement provision. Prior to paying benefits, FMC also required that Owens sign an additional agreement restating his reimbursement obligation. This obligation notwithstanding, Owens refused to reimburse FMC for the benefits he had re-

ceived. FMC brought suit in federal court seeking to obtain "equitable reimbursement." *Owens,* 122 F.3d at 1259.

In *Owens,* we concluded that the relief FMC sought was not equitable within the meaning of § 1132(a)(3). *See id.* at 1262. In reaching this conclusion, we rejected several alternative interpretations of the remedy FMC sought. The opinion begins by rejecting the notion that the remedy sought was equivalent to the equitable remedy of subrogation, noting that FMC was not "stepping into the shoes" of its beneficiary in an effort to proceed directly against the third-party tortfeasor. *See id.* at 1260. The opinion next distinguishes the requested reimbursement remedy from restitution, explaining that restitution requires the showing of fraud or wrongdoing. *See id.* at 1261. Owens, in contrast, had rightfully received the benefits to which he was entitled. Finally, we rejected the conflation of reimbursement with the remedy of constructive trust. *See id.* A constructive trust remedy is appropriate only where there has been a breach of fiduciary duty and an "ill-gotten" gain, neither of which is present in the typical action seeking contractual reimbursement.

■ Reynolds Metals admits that its appeal is effectively indistinguishable from *Owens* in that it is an effort by an ERISA fiduciary to enforce contractual reimbursement provisions against beneficiaries. While it is true that the plaintiff here couched its remedial prayers in equitable language, it is clear that a court must look "to the substance of the remedy sought, ... rather than the label placed on that remedy." *Id.* at 1261 (quoting *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1528 n. 5 (9th Cir.1993)); *see also Mertens v. Hewitt Associates,* 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) ("Although they often dance around the

word, what petitioners in fact seek is nothing other than compensatory *damages* ....""). We declined "to extend the interpretation of section 1132(a)(3) to include a claim for reimbursement." *Owens,* 122 F.3d at 1262.[2]

The existence of such controlling Ninth Circuit precedent should end the matter. *See Roundy v. Commissioner,* 122 F.3d 835, 837 (9th Cir.1997) ("A three-judge panel is bound by a prior judgment of this court unless the case is taken en banc and the prior decision is overruled."). However, Reynolds Metals contends that *Owens* was wrongly decided and urges the panel to call for an initial hearing en banc. *See* Ninth Circuit General Rule 5.2.b.

Reynolds Metals contends that *Owens* directly conflicts with both Supreme Court and Ninth Circuit authority. Taking their lead from the Eleventh Circuit, Reynolds Metals attacks *Owens* as based on an "unduly narrow reading of *Mertens." Blue Cross & Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1353 n. 5 (11th Cir. 1998). In *Mertens,* the question was whether ERISA authorizes suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of duty. The parties focused on the propriety of the relief, rather than the availability of an action under ERISA against a nonfiduciary, leading the Supreme Court to limit its attention to the phrase "other appropriate equitable relief" in § 1132(a)(3). *See Mertens,* 508 U.S. at 254–55, 113 S.Ct. 2063. The Court concluded that "equitable relief" in the context of § 1132(a)(3) must be understood to mean "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Id.* at 256, 113 S.Ct. 2063 (emphasis in original).

---

2. *Owens* rests its dismissal on the lack of subject matter jurisdiction. *But see Cement Masons Health and Welfare Trust Fund for Northern California v. Stone,* 197 F.3d 1003, 1008 (9th Cir.1999) (reaffirming the substantive holding in *Owens* but dismissing on the merits rather than on subject matter jurisdic-

tion). For our purposes, in evaluating the substantive holding of *Owens* requiring the dismissal of reimbursement claims for third party settlements under ERISA, the dismissal could be based either on lack of subject matter jurisdiction or on the merits.

The panel in *Owens* relied heavily on *Mertens,* and there is not a conflict between the two opinions. Reynolds Metals suggests that *Owens* conflicts with *Mertens* because *Owens* bars all claims for monetary relief under § 1132(a)(3). This badly mischaracterizes the *Owens* opinion—the opinion accepts, as does *Mertens,* that restitution and constructive trust remedies may be appropriate under § 1132(a)(3), provided some fraud or wrong-doing is shown. *See Owens,* 122 F.3d at 1261.

Reynolds Metals also suggests that *Owens* conflicts with *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In *Varity,* the Supreme Court held that § 1132(a)(3) supports a cause of action for individual beneficiaries who allege that a plan fiduciary made material misrepresentations about their benefits. Reynolds Metals views this holding as amounting to an endorsement of tort damages under § 1132(a)(3) and abrogating the narrow reading of *Mertens* adopted by our court in *Owens.* This argument is meritless. The remedy the Supreme Court endorsed in *Varity* was reinstatement, a traditionally equitable one. *See id.* at 495, 116 S.Ct. 1065 (monetary relief not at issue). Moreover, given that the beneficiaries' action was premised on a breach of fiduciary duty, *Varity* involved a circumstance where fraud and "ill-gotten" gain figured prominently.

 Reynolds Metals also claims that *Owens* represents an intra-circuit split with two other Ninth Circuit authorities. This is not the case. The first decision Reynolds Metals relies on, *Chitkin v. Lincoln Nat'l Life Ins. Co.,* 1993 WL 484720 (9th Cir.1993), is an unpublished memorandum disposition, and thus is not binding precedent.[3] The second opinion relied upon by Reynolds Metals, *Pacificare, Inc. v. Martin,* 34 F.3d 834 (9th Cir.1994), also creates no intra-circuit conflict. Although *Pacificare* involved a contractual reimbursement provision, we never reached the

question of whether reimbursement was an "equitable" remedy under § 1132(a)(3). *See id.* at 838 ("Thus far, Pacificare has not pursued a claim for equitable relief under section 1132(a)(3), and neither party has developed the arguments to support or reject such a claim.").

In summary, Reynolds Metals has failed to demonstrate that *Owens* conflicts with any binding Supreme Court or Ninth Circuit authority. This undercuts its claim that an initial hearing en banc is necessary.

This case is controlled by *Owens,* which holds that actions by ERISA fiduciaries seeking to enforce an ERISA plan's contractual reimbursement provisions do not fall within § 1132(a)(3). Therefore, we affirm the district court's dismissal of Reynolds Metals' action. AFFIRMED.

---

3. The fact that the memorandum disposition was published as an appendix to the district court's opinion on remand does not transform the disposition into binding precedent.