**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan VALLES, aka Terry Lee Martinez, Defendant–Appellant.**

No. 00–10117.

D.C. No. CR–99–0119–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001.[1]

Decided May 18, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before NOONAN, SILVERMAN, and SEDWICK,[2] Circuit Judges.

### MEMORANDUM [3]

Juan Valles appeals his conviction for being found in the United States after deportation, a violation of 8 U.S.C. § 1326. Prior to the events of this case, Valles had been convicted in the United States of various crimes, including three felonies. He had also pleaded guilty to an earlier charge of illegal reentry in violation of 8 U.S.C. § 1325. Valles was deported on two separate occasions, and returned to

the United States each time. After his most recent return, Valles pleaded guilty to the charge of being a deported alien found in the United States without the Attorney General's permission. He was sentenced to forty-six months of imprisonment. We affirm.

The record before the district court contained a certified copy of a birth certificate showing that Valles had been born in Mexico. Valles told the district court that when he was a teenager his mother had informed him that she was not in fact his biological parent, and that Valles had actually been born to two United States citizens. Valles did not search for these individuals, and has been unable to verify the information concerning his parentage. Before this court, Valles argues that he lacked the intent to reenter illegally because he believed he was a United States citizen and that his reentry was therefore lawful.

We cannot find in Valles' favor without overruling *Pena–Cabanillas v. United States*, 394 F.2d 785 (9th Cir.1968), in which we held that the government need not prove that an alien had the specific intent to reenter the United States illegally. This court is bound by Ninth Circuit precedent unless a case is heard en banc and the earlier decision is overruled. *See Roundy v. Comm'r*, 122 F.3d 835, 837 (9th Cir.1997). A hearing en banc may be granted if one of our decisions conflicts with Supreme Court authority. *See* Fed. R.App. P. 35(b)(1)(A). Valles contends that *Pena–Cabanillas* is inconsistent with the Supreme Court case of *Staples v. United States*, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).

**2.** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Staples* is not closely on point. There, the Supreme Court considered the National Firearms Act and expressly limited its holding to that statute. *Id.* at 619–20, 114 S.Ct. 1793. Moreover, the Court's primary concern was that dispensing with mens rea would risk criminalizing innocent conduct. *Id.* at 610, 114 S.Ct. 1793. In cases brought under 8 U.S.C. § 1326, the fact of prior deportation diminishes the risk that innocent conduct will be punished. The risk is further lessened by the INS' practice of warning deported aliens that they will be prosecuted if they return without permission. Absent a clear direction from the Supreme Court, we are unable to disturb our holding in *Pena–Cabanillas.* *See Branch v. Tunnell,* 14 F.3d 449, 456 (9th Cir.1994).

██ The Ninth Circuit's own recent precedent also does not undermine *Pena–Cabanillas.* In *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1190 (9th Cir.2000), we held that attempted illegal reentry in violation of section 1326 is a specific intent crime. We drew this principle from the common law understanding of attempt, and we specifically preserved *Pena–Cabanillas* and its progeny. *Id.* at 1195. The crime of attempt can require proof of specific intent even where the crime attempted does not. *Id.* at 1192.

This court has also rejected the argument that *Pena–Cabanillas* should be overruled because the maximum penalty for violation of section 1326 has increased. *See United States v. Ortiz–Villegas,* 49 F.3d 1435, 1437 (9th Cir.1995); *United States v. Ayala,* 35 F.3d 423, 426 (9th Cir.1994). We decline to revisit *Pena–Cabanillas.*

AFFIRMED.