MEMORANDUM *
Ralph W. Cutter (“Cutter”) appeals the district court’s summary judgment in favor of Northwest Administrators, Inc. (“Northwest”) in Northwest’s lawsuit for restitution of medical payments it made for the cancer treatment of Rosalie Dever-eaux (“Devereaux”), an individual Cutter listed as his spouse in his health plans. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
Northwest was entitled to the equitable remedy of restitution despite the fact that Cutter never possessed the medical payments it made for Devereaux’s treatment. Cutter wrongfully signed Devereaux up for benefits under his health plans when she was not his wife. See Carpenters Health and Welfare Trust v. Vonderharr, 384 F.3d 667, 673 (9th Cir.2004). Devereaux could have been eligible for such benefits only if she and Cutter were married, and they were not. Cutter’s representation resulted in the improper payment of over $70,000 in medical benefits for Devereaux’s medical treatment. Those payments were “ill gotten gains.” See Mertens v. Hewitt *578 Associates, 508 U.S. 248, 260, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); Cement Masons Health and Welfare Trust Fund for Northern Cali. v. Stone, 197 F.3d 1003, 1006-07 (9th Cir.1999); see also Vonderharr, 384 F.3d at 671; Reynolds Metals Co. v. Ellis, 202 F.3d 1246, 1249 (9th Cir.2000).
Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), does not preclude this result. After Gi"eat-West was decided, we held that “Great-West Life was a case affirming our circuit” because the Court stated that “garden-variety legal claims for contractual restitution” are not actionable under ERISA. Carpenters, 384 F.3d at 673. We further restated our previous holding that “the remedy of restitution was limited to eases involving ‘money obtained through fraud or wrongdoing.’ ” Id. at 671 (quoting Cement Masons, 197 F.3d at 1006-07). Relief under ERISA is available where the defendant “actively and deliberately” misleads the plaintiff to the plaintiffs detriment, as Cutter did by his misrepresentation that caused Northwest to pay out medical benefits for Dever-eaux’s care. Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1075 (9th Cir.2005).
The district court correctly found, under Washington law, that Cutter is collaterally estopped from contending he was married to Devereaux. That issue was the crucial issue in his claim against Devereaux’s estate in the Washington probate court. It is also the crucial issue in Northwest’s claim for restitution in this case. There is no injustice by applying collateral estoppel against Cutter, and all the elements for the application of that doctrine exist. See Thompson v. State Dep’t of Licensing, 138 Wash.2d 783, 982 P.2d 601, 605 (1999).
Finally, the words “married” and “spouse” used in Cutter’s health plans are not ambiguous. There is no genuine issue of material fact as to their meaning.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.