NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WESLEY GRAY, | No. 10-17472 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-03782-HRL |
| v. | |
| I.B.E.W. LOCAL 332 PENSION TRUST, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted June 29, 2012[***]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

James Wesley Gray appeals pro se from the district court's order granting

appellee I.B.E.W. Local 332 Pension Trust's ("the Plan") motion to dismiss Gray's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

second amended complaint alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decision on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 849-50 (9th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 850. Although we construe a complaint in the light most favorable to the plaintiff, dismissal "is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Id.* We may affirm on any basis fairly supported by the record. *Corrie v. Caterpillar, Inc.,* 503 F.3d 974, 979 (9th Cir. 2007).

The second amended complaint asked the court to order the Plan to compensate Gray for the litigation expenses he incurred as a result of litigation with his ex-wife in California state courts. Gray alleged that he incurred those litigation expenses as a result of the Plan's breach of its fiduciary duty under ERISA. The district court held that the law does not entitle Gray to recover his litigation expenses. On appeal, Gray contends that the second amended complaint

was authorized by 29 U.S.C. § 1132(a) and references parts of the first three subsections of that statute.

Contrary to Gray's contentions, because the second amended complaint does not allege that the terms of the pension plan included coverage of litigation expenses, § 1132(a)(1)(B) does not authorize the recovery of litigation expenses. *See* 29 U.S.C. § 1132(a)(1)(B); *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 (9th Cir. 1993).

In addition, because the second amended complaint seeks extra-contractual consequential damages rather than a remedy for direct injuries to an individual pension plan account, § 1132(a)(2) does not authorize Gray to recover his litigation expenses. *See* 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1109; *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 255 (2008) (holding that § 1132(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries").

Finally, because compensation for litigation expenses is a legal remedy rather than a traditional equitable remedy, § 1132(a)(3) does not provide a basis for stating a claim here. *See Mertens v. Hewitt Associates,* 508 U.S. 248, 255-62 (1993); *Farr v. U.S. West Communications, Inc.*, 151 F.3d 908, 915-17 (9th Cir. 1998) (holding that, even though defendants breached their fiduciary duties by failing to inform plaintiffs about the potential tax consequences of the lump sum

distributions of their pension benefits, § 1132(a)(3) did not authorize recovery of compensatory damages for the tax benefits losses); *McLeod v. Oregon Lithoprint, Inc.*, 102 F.3d 376, 378 (9th Cir. 1996) (holding that § 1132(a)(3) did not authorize compensatory damages where defendants allegedly breached their fiduciary duty by failing to notify plaintiff that she was eligible to apply for coverage under a cancer insurance policy).

Because the second amended complaint seeks a remedy that is not authorized by ERISA, the complaint fails to state a claim upon which relief can be granted. *See Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1248-49 (9th Cir. 2000). The district court therefore did not err when it dismissed the second amended complaint.

**AFFIRMED.**