**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN WHITE,<br><br>     Plaintiff - Appellant,<br><br>  v.<br><br>PRESTIGE DEFAULT SERVICES, LLC;<br>RG INSURANCE TRUST,<br><br>     Defendants - Appellees. | No. 23-3250<br><br>D.C. No. 2:22-cv-00199-RFB-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted June 18, 2025**

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Jean White appeals from the district court's order dismissing her action

alleging federal and state law claims arising out of foreclosure proceedings. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed White's claims against Prestige Default Services, LLC, because White failed to allege facts sufficient to state a plausible claim for relief. *See Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) ("Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**