**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>EVE NERCIA GILLINGS; PATRICE HAYES; RHANDI WALTERS; PHILLIP BOND, individually, and on behalf of all others similarly situated,<br><br>         Plaintiffs - Appellants,<br><br>  v.<br><br>TIME WARNER CABLE LLC; TIME WARNER CABLE, INC.; TIME WARNER NEW YORK CABLE,<br><br>         Defendants - Appellees.</td><td>No. 12-55766<br><br>D.C. No. 2:10-cv-05565-AG-RNB<br><br>MEMORANDUM*</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 6, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

Eve Nercia Gillings, Phillip Bond, Patrice Hayes, and Rhandi Walters

(together, "employees") appeal the district court's grant of summary judgment for

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Time Warner Cable LLC and Time Warner NY Cable LLC (together, "Time Warner") on the employees' claims that Time Warner's compensation policies violated various provisions of the California Labor Code. We reverse in part, affirm in part, and remand.

**1.** Drawing all inferences in favor of the non-moving party, as we must on a motion for summary judgment, *see, e.g.*, *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013), the record indicates that the employees each performed as much as six minutes of uncompensated work at the beginning of every shift, accessing their computers and logging into Time Warner's timekeeping system. The district court held that allegedly uncompensated time *de minimis* under *Lindow v. United States*, 738 F.2d 1057, 1062–63 (9th Cir. 1984).

**A.** The employees argue that the *de minimis* doctrine does not apply to claims of unpaid wages under California's Labor Code.[1] Not so.

The California Supreme Court has never ruled on the applicability of the *de minimis* doctrine to California wage claims. Thus we must predict how it would

---

[1] Time Warner contends that the employees forfeited this argument by failing to assert it before the district court. Although we typically refuse to pass on claims raised for the first time on appeal, we will do so, in our discretion, where, as here, "the issue is purely one of law, does not affect or rely upon the factual record developed by the parties, and will not prejudice the party against whom it is raised." *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2003) (internal quotation marks omitted).

answer the question, "'follow[ing] the decision of the state's intermediate appellate courts'" absent "'convincing evidence that the state supreme court would decide the issue differently.'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). The California Court of Appeal has applied the federal *de minimis* standard to a state wage claim once, *see Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 527 (Cal. Ct. App. 2009); has assumed, in another case, that it was applicable, *see LoJack Corp. v. Superior Court*, No. B219647, 2010 WL 1137044, at *8 (Cal. Ct. App. Mar. 26, 2010) (unpublished);[2] and has characterized the applicability of that doctrine, in still another case, as an open question, *see Bustamante v. Teamone Emp't Specialists, LLC*, No. B222136, 2011 WL 1844628, at *10 (Cal. Ct. App. May 7, 2011) (unpublished). We have found no Court of Appeal case refusing to apply the *de minimis* standard to a wage claim under California law.

Similarly, Section 47.2.1 of the Enforcement Policies and Interpretations Manual issued by California's Division of Labor Standards Enforcement ("DLSE") endorses the applicability of the federal *de minimis* standard. California courts do

---

[2] When applying state law, "we may consider unpublished state decisions, even though such opinions have no precedential value." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

not defer to the DLSE Manual, *see Martinez v. Combs*, 231 P.3d 259, 268 n.15 (Cal. 2010), but do consider its persuasive value, *see See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 902–03 (Cal. Ct. App. 2012) (collecting cases). Here, we use it as one more datum on the probable content of applicable California law, one that points in the same direction as the decisions of the California Court of Appeal that we must follow absent "convincing data" that the California Supreme Court would decide the issue differently. *Vestar Dev.*, 249 F.3d at 960.

The employees object that California offers greater protection to employees than federal wage and hours protections, citing *Morillion v. Royal Packing Co.*, 995 P.2d 139, 140–41 (Cal. 2000). But that case rejected the value of federal cases interpreting the Portal-to-Portal Act, 29 U.S.C. §§ 251–262, which has no parallel in California law. *Morillion*, 995 P.2d at 148. *Morillion* establishes no bar against reliance on persuasive federal case law where California and federal law are parallel. Indeed, *Morillion* itself relied, in part, on a federal case defining the meaning of "suffer or permit to work" in 29 U.S.C. § 203(g) to construe a nearly identical phrase in an order issued by a California regulatory agency. *See id.* at 145 (citing *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).

Because "there is no convincing evidence that the [California Supreme Court] would decide differently," we must follow *Gomez* in applying the federal *de minimis* doctrine to the employees' claims. *Vestar Dev.*, 249 F.3d at 960.

**B.** Time Warner would bear the burden of proving the applicability of the *de minimis* doctrine at trial, *see Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057 n.10 (9th Cir. 2010). When moving for summary judgment on a *de minimis* theory, therefore, Time Warner "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontrovered at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks omitted). Time Warner has not carried that burden here.

Although the plaintiffs complain of non-payment for periods of time each very short, that circumstance does not justify application of the *de minimis* doctrine without consideration of the two other factors articulated in *Lindow* as pertinent to application of the *de minimis* doctrine in wage cases. *See Rutti*, 596 F.3d at 1058; *Lindow*, 738 F.2d at 1062; 29 C.F.R. § 785.47.

Applying those two factors — "the practical administrative difficulty of recording the additional time . . . and the regularity of the additional work," *Lindow*, 738 F.2d at 1063 — we hold that they may, after trial, outweigh the brevity of the periods of time at issue. The employees engaged each day in

activities for which they allegedly received no compensation, namely, logging onto their computers and opening software programs so that they were ready to field customer calls at the start of their shifts, as Time Warner policy required. Time Warner offers no evidence whatever of the administrative difficulty of recording the time it takes its employees to complete their start-up sequences. First, the record indicates some variation in the time it takes each employee, but no evidence establishes the difficulty of monitoring that variation. Even were it otherwise, "it may be possible to reasonably determine or estimate the average time" it takes each employee to complete his pre-shift start-up sequence. *Rutti*, 596 F.3d at 1059. Second, the record does not indicate that employees would engage in personal activities after they clock in each morning, even though they may now engage in such activities *before* clocking in on their computers. Time Warner's policy prohibiting personal activities *on* the clock would still apply if it recorded and compensated its employees for their start up sequences. Third, *Lindow*'s deference to the district court's factual findings as to the administrative difficulty of altering its established timekeeping policy does not help Time Warner on summary judgment, where it has advanced no evidence to support the difficulty it asserts. 738 F.2d at 1059, 1063.

We thus hold improper the grant of summary judgment on the basis of the *de minimis* doctrine.[3]

**2.**  The district court rejected the employees' claim that Time Warner's policy of rounding its employees' time to the nearest quarter hour systematically undercompensated them, reasoning that the policy was neutral on its face and as applied.  *See See's Candy*, 210 Cal. App. 4th at 903.  The record indicates, however, that Time Warner failed to credit Gillings and Bond with work that they had actually performed.  Moreover, even if considered in the aggregate, the record at this point indicates that the net impact for all four employees is to pay them for considerably fewer hours than they actually worked.  Summary judgment on Gillings' and Bond's claims was thus improper, because Time Warner's rounding policy appears *not* to have been neutral in its effect, either on them or in the

---

[3] We DENY as moot Time Warner's motion to strike from the record on appeal the documents on which the employees premised an alternative argument that we have not reached.  We DENY on the merits Time Warner's request for attorney's fees and costs in preparing its motion to strike, because their motion raised a question of first impression.  *See Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 973 (9th Cir. 1994), *abrogation on other grounds recognized by King v. AC & R Advertising*, 65 F.3d 764, 768 (9th Cir. 1995).  And we DENY the employees' motion for attorney's fees and costs incurred in responding to Time Warner's motion, which was not sufficiently without merit to justify such sanctions.  *Cf. Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 991 (9th Cir. 2010)**.**

aggregate.  We affirm, however, summary judgment as to the remaining two employees' rounding claims, as they did not lose any wages due to the policy.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

The parties shall bear their own costs on appeal.