**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE CORBIN, individually and on behalf of other members of the public similarly situated, *Plaintiff-Appellant,* <br><br> v. <br><br> TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, *Defendant-Appellee.* | No. 13-55622 <br><br> D.C. No. 3:11-cv-01057-GPC-RBB <br><br><br> OPINION |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted
September 3, 2015—Pasadena, California

Filed May 2, 2016

Before: Diarmuid F. O'Scannlain, Stephen S. Trott,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## SUMMARY[*]

### Employment Compensation

The panel affirmed the district court's summary judgment in favor of Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN") in a putative class action brought by a plaintiff TWEAN employee seeking lost compensation.

In his "rounding" claim, plaintiff alleged that TWEAN's compensation policy of rounding all employee time stamps to the nearest quarter hour deprived him of earned overtime compensation. In his "logging-in" claim, plaintiff alleged that he was not compensated for one minute when he mistakenly opened an auxiliary computer program before logging into TWEAN's timekeeping software.

The panel held that TWEAN's rounding policy comported with the federal rounding regulation, 29 C.F.R. § 785.48(b). The panel further held that TWEAN's rounding policy was neutral on its face and as applied to plaintiff. The panel concluded that the district court properly interpreted and applied the regulation, and granted summary judgment to TWEAN.

The panel held that the district court properly granted summary judgment to TWEAN on plaintiff's "logging-in" claim and the district court properly classified the one minute of uncompensated time as *de minimis*. The panel held that the district court properly considered the *de minimis* doctrine

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

even though TWEAN did not affirmatively plead it in its answer. The panel further held that all three factors in *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984), supported the district court's conclusion that plaintiff's one minute of uncompensated time was *de minimis*.

The panel held that plaintiff also failed to demonstrate the existence of a material fact to his derivative California state law claims. In addition, the panel held that the district court did not err by limiting consideration of plaintiff's rounding claim to the time period after the implementation of new online timekeeping system. Finally, because the panel affirmed the district court's grant of summary judgment to TWEAN on plaintiff's rounding claim, the panel held that there was no need for the district court to reconsider whether the claim can form the basis of a viable class action proceeding.

### COUNSEL

William B. Sullivan (argued) and Eric Y. Yaeckel, Sullivan Law Group LLP, San Diego, California, for Plaintiff-Appellant.

Joseph W. Ozmer, II (argued), Michael D. Kabat, J. Scott Carr, and Rachel E. Sankey, Wargo & French LLP, Atlanta, Georgia, for Defendant-Appellee.

## OPINION

BYBEE, Circuit Judge:

This case turns on $15.02 and one minute. $15.02 represents the total amount of compensation that Plaintiff Andre Corbin ("Corbin") alleges he has lost due to his employer's, Defendant Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN"), compensation policy that rounds all employee time stamps to the nearest quarter-hour. One minute represents the total amount of time for which Corbin alleges he was not compensated as he once mistakenly opened an auxiliary computer program before clocking into TWEAN's timekeeping software platform. $15.02 in lost wages and one minute of uncompensated time, Corbin argued before the district court, entitled him to relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and various California state employment laws.

The district court disagreed and granted summary judgment to TWEAN. The court determined that because the company's rounding policy was neutral on its face and in practice, TWEAN's policy complied with the federal rounding regulation, *see* 29 C.F.R. § 785.48(b), and Corbin's $15.02 in lost wages did not present an issue of material fact. The court also held that the one minute of uncompensated time Corbin spent logging into an auxiliary computer program before logging into TWEAN's timekeeping software was *de minimis* as a matter of law.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

A. *Facts*

TWEAN operates a call center in San Diego, California where its employees field telephone calls from customers. Until May of 2010, non-exempt employees at the facility recorded their work hours by swiping their employment badges through a wall clock mounted at the entrance to the call center. After May 4, 2010, TWEAN transitioned to an online timekeeping platform, implementing a recording system known as Kronos Connect. Kronos Connect directly links an employee's time stamps to a program called Avaya, a "soft-phone system" that must be activated before employees can begin taking customer phone calls. When an employee logs into Avaya to begin work, he is automatically clocked into Kronos. Similarly, when an employee logs out of Avaya, he is automatically clocked out of Kronos. The "Avaya/Kronos" system was designed to help prevent off-the-clock work, blocking employees from answering customer calls unless they are properly clocked into TWEAN's timekeeping software.

TWEAN's compensation policies incorporate a "rounding" procedure that relies on the time stamps recorded by the Avaya/Kronos system. When an employee uses Avaya/Kronos to clock in for work, to clock in and out for lunch, and to clock out at the end of the day, the system rounds each time stamp recorded to the nearest quarter-hour. For example, an employee who clocks in at 8:07 a.m. to begin his workday would see his wage statement reflect a clock-in of 8:00 a.m., rounding his time to the nearest quarter-hour and crediting him with seven minutes of work time for which he was not actually on the clock. Similarly, an employee who

clocks out at 5:05 p.m. to end her workday would see her wage statement reflect a clock-out of 5:00 p.m., again rounding her time to the nearest quarter-hour and deducting five minutes of work time for which she was actually on the clock. At the end of each pay period, TWEAN's non-exempt employees are paid in accordance with these rounded figures.

Corbin worked for TWEAN at the San Diego call center from July 20, 2007 to June 15, 2011. Hired to answer customer calls, Corbin was classified as a "technical support agent," a non-exempt position paid on an hourly basis. Like all of TWEAN's non-exempt employees, Corbin's Avaya/Kronos clock-ins and clock-outs were rounded to the nearest quarter-hour. Since the implementation of the Avaya/Kronos timekeeping system in May of 2010, Corbin worked 269 shifts subject to TWEAN's rounding policy; he gained compensation or broke even in 58% of them. In total, however, the parties agree that as a result of TWEAN's rounding policy, Corbin lost $15.02 in aggregate compensation over the period stretching from May 5, 2010 to his resignation on June 15, 2011. Additionally, Corbin once logged onto an auxiliary computer program before logging into Avaya/Kronos. Swapping this order of operations cost him one minute of compensable time, as the minute spent logging into the auxiliary program was not captured by the Avaya/Kronos timekeeping system.

B. *Procedural History*

Corbin filed this action in the Superior Court of California in 2011. TWEAN removed the case to federal court pursuant

to the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).[1] Corbin then filed an amended complaint, alleging a collective action pursuant to 29 U.S.C. § 216(b) for violations of the FLSA, as well as various class actions for violations of California employment laws.

In 2012, Corbin moved to file a second amended complaint, seeking to add several new claims, including the rounding claim at issue in this appeal. That motion was denied later that year, as was Corbin's motion to certify a class of California employees based on the claims alleged in his first amended complaint. Corbin filed a motion for reconsideration on the district court's class certification order in January of 2013. Two months later, the district court granted TWEAN's motion for summary judgment in its entirety and entered final judgment in favor of TWEAN.[2]

II

We review the district court's grant of summary judgment *de novo*. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether

---

[1] Because Corbin pleaded a claim under the FLSA, a federal law, the district court also had federal question jurisdiction. *See* 28 U.S.C. § 1331.

[2] Despite its earlier rulings that Corbin had not properly pleaded a claim premised on TWEAN's rounding policy, the district court ordered supplemental briefing on the issue while considering TWEAN's motion for summary judgment. In its order granting TWEAN's summary judgment motion, the district court explained that after "careful review," Corbin's first amended complaint had adequately pleaded (albeit not successfully enough to survive summary judgment) a rounding claim. TWEAN does not challenge the district court's holding on this point.

the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). A "genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010) (quoting *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 761 (9th Cir. 2008) (as amended)).

We review a district court's decision to grant summary judgment prior to deciding a motion for class certification for abuse of discretion. *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984).

III

Corbin's core claims center on two of TWEAN's employment practices. First, Corbin argues that TWEAN's rounding policy deprived him of the full amount of his earned wages, specifically overtime compensation. We will refer to this as the "rounding claim." Second, Corbin alleges that TWEAN permitted employees to load auxiliary computer programs before clocking into the Kronos/Avaya system, a practice, he claims, that denied him full compensation for time spent actually working. We will refer to this as the "logging-in" claim. Corbin raises the rounding and logging-in claims as violations under the FLSA, and these violations also serve as the basis for Corbin's claims under California

wage laws.[3] Additionally, Corbin alleges that the district court improperly truncated the scope of his claims by considering only evidence post-dating TWEAN's transition to the Avaya/Kronos timekeeping system on May 4, 2010. Finally, Corbin asserts that the district court erred by refraining from ruling on his motion for reconsideration of the court's earlier order denying Corbin's motion for class certification.

We address each contention in turn.

A. *Rounding Claim*

Corbin argues that TWEAN's rounding policy violates 29 C.F.R. § 785.48(b), the federal rounding regulation, because it is not facially neutral or neutral as applied to Corbin. We reject this argument. However, before addressing whether TWEAN's rounding policy meets the requirements of § 785.48(b), we address Corbin's threshold arguments that seek to undermine the validity of the rounding timekeeping method more broadly.

---

[3] Although it is somewhat difficult to ascertain from his briefing which California claims Corbin presses on appeal, it appears that Corbin challenges the district court's grant of summary judgment as to: California Labor Code § 510 (failure to pay overtime compensation) and California Labor Code § 226 (failure to provide an itemized wage statement). We decline to consider any additional state law claims, as we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

## 1. The Federal Rounding Regulation

For more than fifty years, a federal regulation has endorsed the use of "'Rounding' practices." *See* Wage and Hour Division, Department of Labor, 26 Fed. Reg. 190, 195 (January 11, 1961). Codified at 29 C.F.R. § 785.48(b), the current regulation reads in full:

> "Rounding" practices. It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

This regulation permits "employers to efficiently calculate hours worked without imposing any burden on employees," offering employers a "practical method for calculating work time" and a "neutral calculation tool for providing full payment to employees." *See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 903 (2012). The federal rounding rules have long been applied to federal claims brought pursuant to the FLSA. *See, e.g.*, *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1126 (C.D. Cal. 2011);

*Gonzalez v. Farmington Foods, Inc.*, 296 F. Supp. 2d 912, 932–33 (N.D. Ill. 2003); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1184 (D. Ariz. 1998). And, in 2012, in a thorough and thoughtful treatment, the California Court of Appeal confirmed that the federal rounding rule also applies to California state labor claims, so long as a company's "rounding-over-time policy is neutral, both facially and as applied." *See's Candy*, 210 Cal. App. 4th at 903; *see also id.* at 900–07.[4]

We are not aware of any published decision by a court of appeals addressing the rounding regulation.[5] District courts,

---

[4] As noted by the *See's Candy* court, the California Supreme Court has not yet weighed in on the applicability of the federal rounding regulation to California state wage laws. 210 Cal. App. 4th at 901. However, the California Division of Labor Standards Enforcement ("DLSE")—"the agency empowered to enforce California's labor laws"—has "adopted the federal regulation in its manual." *Id.* at 902 (citing to DLSE Manual §§ 47.1, 47.2). Because "there is no convincing evidence that the [California Supreme Court] would decide differently" than the California Court of Appeal or the DLSE, we must follow *See's Candy* in applying the federal rounding rule to Corbin's state wage claims. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). In any case, Corbin does not challenge the district court's application of the federal rounding regulation to California state wage claims.

[5] We are aware that in *Gillings v. Time Warner Cable LLC*, a panel of our court held, in an unpublished decision, that summary judgment on a rounding claim was inappropriate because two of the four plaintiffs were not credited "with work that they had actually performed." 583 F. App'x 712, 715 (9th Cir. 2014). This suggested, the panel reasoned, that the defendant's rounding policy was not neutral in its application because not every employee gained (or broke even on) compensation over the employment window at issue. *Id.* at 716. The panel, however, went on to affirm summary judgment as to the other two employees' rounding claims because "they did not lose any wages due to the policy." *Id.*

however, have weighed in quite extensively, regularly upholding the validity of employers' neutral rounding practices. For example, in *Alonzo*, 832 F. Supp. 2d at 1126, the court found that an employer complies with the federal regulation if it "applies a consistent rounding policy that, on average, favors neither overpayment nor underpayment." Similarly, in *East*, 34 F. Supp. 2d at 1184, the court found that because "[d]uring the same time period in which [the plaintiff] was 'underpaid,'" she was "also 'overpaid,'" the employer's "rounding practices average[d] out sufficiently to comply with § 785.48(b)."   The employer's rounding practice, the court held, "may not credit employees for all the time actually worked, but it also credits employees for time not actually worked." *Id*.

Here, Corbin alleges that if an employee loses any compensation due to the operation of a company's rounding policy, that policy should be found to violate the federal

---

The decision, because it is unpublished, is not binding on this panel. *See Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1249 (9th Cir. 2000). We often issue such dispositions in cases that we do not think sufficiently novel or important to warrant a published opinion.  Significantly, our memorandum dispositions typically do not undertake a careful rendition of the facts. *See generally* Alex Kozinski & Stephen Reinhardt, *Please Don't Cite This! Why We Don't Allow Citation to Unpublished Dispositions*, CAL. LAWYER, June 2000, at 43, 43 (explaining that a memorandum disposition "need not state the facts," and can "often be accomplished in a few sentences").  Thus, it is conceivable that there are facts supporting the conclusion we reached in *Gillings* that are not included in the disposition.  To the extent that *Gillings* conflicts with this decision, we disagree with it.

rounding regulation.**⁶**   In other words, Corbin argues that unless *every* employee gains or breaks even over *every* pay period or set of pay periods analyzed, an employer's rounding policy violates the federal rounding regulation, a contention that would serve to wholly invalidate the rounding method as an acceptable form of timekeeping.  The district court was right to reject such a claim.

First, Corbin's interpretation reads into the federal rounding regulation an "individual employee" requirement that does not exist.  The regulation instead explicitly notes that it applies to "employee*s*" and contemplates wages for the time "*they*" actually work.  29 C.F.R. § 785.48(b) (emphasis added).  If the rounding policy was meant to be applied individually to each employee to ensure that no employee ever lost a single cent over a pay period, the regulation would have said as much.

Second, Corbin's reading of the regulation completely misunderstands the purpose of a rounding policy.  Employers use rounding policies to calculate wages efficiently; sometimes, in any given pay period, employees come out ahead and sometimes they come out behind, but the policy is meant to average out *in the long-term*.  If an employer's rounding practice does not permit both upward and downward rounding, then the system is not neutral and "will . . . result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."  *Id.*  Such an arrangement "[p]resumably" does not "average[] out."  *Id.*; *see also Gonzalez*, 296 F. Supp. 2d at

---

**⁶** As a reminder, the parties agree that Corbin lost $15.02 in compensable wages after TWEAN implemented the Avaya/Kronos system in May of 2010.

932–33 & n.31 (Employees claimed they were systematically harmed by defendant's rounding system because they could not clock in more than seven minutes prior to a shift and because management manually edited the employees' time-punches; the claim presented a genuine issue of fact for trial).

Corbin's argument, if accepted, would undercut the purpose and would gut the effectiveness of a rounding policy. In fact, Corbin's preferred interpretation would require employers to engage in the very mathematical calculations that the federal rounding regulation serves to avoid. The California Court of Appeal has previously rejected this precise contention, explaining that by the terms of Corbin's argument, employers could only "lawfully use the rounding method . . . if they engage[d] in a 'mini actuarial process at the time of payroll' and reconcile[d] the rounding with actual time punches." *See's Candy*, 210 Cal. App. 4th at 904 (quoting plaintiff's argument). Put differently, the employers would have to "un-round" every employee's time stamps for every pay period to verify that the rounding policy had benefitted every employee. If that was the case, why would any employer ever implement a rounding policy at all? The proper interpretation of the federal rounding regulation cannot be one that renders it entirely useless.

We also note that Corbin's preferred interpretation of the federal rounding regulation unfairly rewards strategic pleading, permitting plaintiffs to selectively edit their relevant employment windows to include only pay periods in which they may have come out behind while chopping off pay periods in which they may have come out ahead. For example, consider a hypothetical employee who came out behind in January by ten minutes and fifteen dollars, but came out ahead in February by twelve minutes and eighteen

dollars. Even though, "over [this full] period of time," § 785.48(b), this worker gained two minutes and three dollars, under Corbin's theory, the employee could include only the month of January in his pleading and claim that his employer's policy deprived him of full compensation. We do not believe that the legality of an employer's rounding policy turns on the vagaries of clever pleading.

Finally, Corbin argues that because overtime minutes are compensated at a higher rate than regular-time minutes, the district court improperly characterized the rounding statute as neutral. In California, employees are entitled to overtime compensation at a "rate of no less than one and one-half times the regular rate of pay for an employee" for time worked beyond eight hours in a single day or forty hours over a workweek. Cal. Lab. Code § 510(a). Because of this variance in compensation rates, Corbin argues, not all rounded time is created equally and the district court erred by finding otherwise.[7]

---

[7] To illustrate Corbin's argument, consider an employee with a 9:00 a.m. to 5:00 p.m. workday, compensated at $60 per hour, or $1 per minute. Should the employee leave work at 4:57 p.m., his time stamp would round to 5:00 p.m. and he would be credited with three minutes, or $3, of time he did not actually work. Should the employee leave work at 5:03 p.m., his time stamp would again round to 5:00 p.m., and he would lose three minutes, but rather than losing three minutes of compensable time worth $3, he would lose three minutes of compensable time worth $4.50 due to the overtime premium.

Of course, Corbin's argument depends on his beginning work precisely at 9:00 a.m. and working a full eight hours of compensable time. If Corbin arrived at work at 9:03 a.m. (rounded back to 9:00 a.m.), he is, of course, not entitled to any overtime pay for clocking out at 5:03 p.m.

We disagree for three reasons.  First, Corbin offers no case support for the proposition that California's law is at odds with the federal rounding regulation and cites to no precedent that endorses his argument.  Second, the only case to address Corbin's argument, *See's Candy*, explicitly rejected it.   210 Cal. App. 4th at 905–06.   There, the California Court of Appeal explained that the federal rounding regulation had long successfully coexisted with FLSA's own rule mandating overtime pay after forty hours of work over the course of a week.  *Id.* at 906.  "There is no analytical difference," the court pointed out, "between rounding in the context of daily overtime and rounding in the context of weekly overtime."  *Id.*  We agree.  Over the long term, TWEAN's rounding system is neutral, favoring neither employer nor employee.  Third, TWEAN's rounding policy allows employees to gain overtime compensation just as easily as it causes them to lose it.  For example, an employee who clocks in for eight hours and eight minutes of work in a day, will see those eight minutes rounded up to fifteen minutes—all of which will be compensated at the overtime rate.[8]  Like the California Court of Appeal, we can discern no reason to analyze overtime minutes any differently than regular-time minutes, and the district court committed no error by treating them the same.

---

[8] Indeed, if this hypothetical employee clocked in seven minutes *late* for work, he would still be credited with fifteen minutes of overtime—even though, in fact, he only worked one minute of overtime.  In a neutral rounding system, employees stand to gain as well as lose time.  The rounding rule simply presumes that, over time, it will all even out.

2. TWEAN's rounding policy is neutral on its face and as applied to Corbin

TWEAN's rounding policy passes muster. First, TWEAN's policy is facially neutral, as TWEAN rounds all employee time punches to the nearest quarter-hour without an eye towards whether the employer or the employee is benefitting from the rounding. TWEAN's policy is not the sort that "systematically undercompensates employees" by "only rounding down," *See's Candy*, 210 Cal. App. 4th at 902 (internal quotation marks, citations, and alterations omitted); rather, Corbin can just as easily bank unworked minutes as he can lose worked minutes. TWEAN's system is mechanical and does not depend on managerial oversight—indeed, all time punches are controlled by the Avaya/Kronos timekeeping system and are fully walled off from supervisory editing.

Second, Corbin's own compensation records demonstrate that TWEAN's rounding policy is neutral in application. Sometimes Corbin gained minutes and compensation, and sometimes Corbin lost minutes and compensation. In total, from the time TWEAN implemented the Avaya/Kronos system to the time he resigned his employment with TWEAN, Corbin banked three minutes of unworked time and lost $15.02. Those numbers, however, fluctuated from pay period to pay period, and given that Corbin consistently gained time and compensation in the final pay periods analyzed, a few more pay periods of employment may have tilted the total time/compensation tally in the other direction (Corbin, for example, gained both time and compensation in eight of his last ten pay periods.). TWEAN's rounding policy operated exactly as the federal rounding regulation intended, and Corbin has not shown the existence of a material fact as

to whether or not, "over a period of time," he was not properly compensated for his work. 29 C.F.R. § 785.48(b).

We join the consensus of district courts that have analyzed this issue, and find that TWEAN's rounding policy comports with the federal rounding regulation. *See, e.g.*, *Alonzo*, 832 F. Supp. 2d at 1126; *East*, 34 F. Supp. 2d at 1184. Mandating that *every* employee must gain or break even over *every* pay period misreads the text of the federal rounding regulation and vitiates the purpose and effectiveness of using rounding as a timekeeping method. The district court properly interpreted and applied the regulation, and we affirm the district court's grant of summary judgment as to Corbin's rounding claim.

B. *Logging-In Claim*

Corbin alleges that TWEAN did not properly compensate him for the one minute he spent logging into an auxiliary computer program before clocking into Avaya/Kronos. Corbin points to one example of an uncompensated "log-in minute" over the course of his employment at TWEAN: On March 19, 2011, Corbin logged into an auxiliary program called "AAD" at 8:28 a.m. and did not log into Avaya/Kronos until 8:29 a.m., a loss of one minute of compensable time.

TWEAN argues—and the district court determined—that this single minute amounted to non-recoverable *de minimis* time. Corbin challenges this holding on two grounds: First, Corbin argues that because TWEAN did not plead the *de minimis* doctrine as an affirmative defense, it cannot later be

asserted by TWEAN to defeat Corbin's logging-in claim.[9] Second, Corbin claims that even if the *de minimis* doctrine could be properly considered, the district court erred in applying the doctrine to the facts before it. Neither contention has merit.

If a party seeks to assert an affirmative defense, the party "must affirmatively state" that defense in a responsive pleading. Fed. R. Civ. P. 8(c)(1). Rule 8 lists a series of affirmative defenses—estoppel, laches, res judicata, and statute of frauds, to name a few—that must be explicitly asserted in a responsive pleading; the *de minimis* doctrine is nowhere to be found on that list. *Id.*; *see also* Fed. R. Civ. P. 12(b) (listing additional defenses that must be immediately raised; also not listing the *de minimis* doctrine). Corbin points us to a district court case that offhandedly refers to the *de minimis* doctrine as an "affirmative defens[e]," *see Farris v. Cty. of Riverside*, 667 F. Supp. 2d 1151, 1154 (C.D. Cal. 2009) (listing the "*De Minimis* Doctrine" as the "Eighth Affirmative Defense"), but cannot offer any case that *requires* defendants to plead the *de minimis* doctrine as an affirmative defense.

Nor can we find any precedent mandating affirmative pleading ourselves. Rather, the United States Supreme Court refers to the *de minimis* doctrine as a "rule" and does not suggest that it must be affirmatively pleaded by a defendant before being properly applied by a court. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692, 694 (1946) (detailing the "application of a de minimis *rule*" and

---

[9] TWEAN does not contest that it did not plead the *de minimis* doctrine as an affirmative defense in its answer to Corbin's first amended complaint.

remanding to the lower court to give "due consideration to the de minimis *doctrine*") (emphasis added). We have followed the Supreme Court's lead, similarly referring to the *de minimis* doctrine as a "rule" or "[d]octrine" and not as an affirmative defense. *See Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) (referring to the application of the "*de minimis* rule"). And the federal regulation codifying the *de minimis* doctrine follows suit. The *de minimis* "rule," as the regulation terms it, permits "insubstantial or insignificant periods of time beyond the scheduled working hours" to be "disregarded," but does not require the rule to be affirmatively pleaded in an initial responsive pleading. 29 C.F.R. § 785.47.

We think these guideposts offer the better characterization of the *de minimis* rule. Often evidence that a particular consequence or fact is *de minimis* will not be evident from the face of the complaint, but will only emerge with discovery. We do not think parties should be prevented from making arguments they could not have anticipated. Accordingly, we reject Corbin's argument and hold that the district court properly considered the *de minimis* doctrine even though TWEAN did not affirmatively plead it in its answer.[10]

---

[10] Even if TWEAN *was* required to affirmatively plead the *de minimis* doctrine, we have held that "absent prejudice to the plaintiff," an "affirmative defense may be plead for the first time in a motion for summary judgment." *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997); *see also Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (same). Here, Corbin noted in a filing from April 2012—five months before TWEAN filed the instant motion for summary judgment—that he was aware that TWEAN sought to support the "proposition" that Corbin's "logging-in" claim could be classified as "de minimis." Given this advanced notice, TWEAN's reliance on the *de minimis* doctrine at the summary judgment stage was not an "ambush[]"

Turning to the application of the *de minimis* doctrine, the Supreme Court has long held that, "in light of the realities of the industrial world," a "few seconds or minutes of work beyond the scheduled working hours . . . may be disregarded." *Anderson*, 328 U.S. at 692; *see also* 29 C.F.R. § 785.47 (citing to *Anderson* and explaining that "failure to count" a "few seconds or minutes" can be justified by "industrial realities"). "Split-second absurdities" in the recording of employees' work time are "not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act." *Anderson*, 328 U.S. at 692. Rather, it is "only when an employee is required to give up a *substantial measure of his time* and effort that compensable working time is involved." *Id.* (emphasis added).

Applying *Anderson*, we have explained that as a "general rule, employees cannot recover for otherwise compensable time if it is *de minimis*," pointing out that the "*de minimis* rule is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes." *Lindow*, 738 F.2d at 1062.[11]

---

nor did TWEAN gain a "tactical advantage . . . by the late filing." *Ledo*, 122 F.3d at 827. Accordingly, TWEAN's assertion of the *de minimis* doctrine in its motion for summary judgment did not prejudice Corbin, and the district court properly considered it.

[11] To the extent we must apply the federal *de minimis* doctrine to Corbin's California state wage claims, we note that the California Supreme Court has not yet passed on the applicability of the *de minimis* doctrine to California wage claims. However, the California Court of Appeal has applied the federal *de minimis* standard to a state wage claim, *see Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 527–28 (2009), and the California Division of Labor Standards Enforcement (DLSE) has also adopted the *de minimis* doctrine, expressly citing to *Anderson* and *Lindow*, *see* DLSE Manual § 47.2.1 (2010) (*available at* http://www.dir.ca.gov/

To determine if otherwise compensable time is properly classified as *de minimis*, in *Lindow* we established a three-prong test, instructing courts to "consider (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Id.* at 1063. In *Lindow*, plaintiff employees alleged that they were required to arrive prior to "the start of their scheduled shifts" in order to review a shift log book "regarding previous shift activities and plant conditions," and to "exchange information and clarify log entries" with employees departing from an earlier shift. *Id.* at 1059. Despite spending, on average, "about 7 to 8 minutes per day" on these uncompensated tasks over a period of three years, *id*. at 1059–60, we nonetheless determined that this time was *de minimis* and non-compensable, *id.* at 1063–64. We held that because employees "did not *always*" read the log book or exchange information before a shift, "the administrative difficulty of recording the time" and "monitoring this pre-shift activity" was high. *Id.* at 1064 (emphasis added). Moreover, we explained, even though the plaintiffs' "aggregate claim may be [a] substantial" amount

---

dlse/dlsemanual/dlse_enfcmanual.pdf). The DLSE language tracks the federal standard precisely, explaining that the *de minimis* rule applies "where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities" and "practical administrative matter[s]." *Id*. Because "there is no convincing evidence that the [California Supreme Court] would decide differently" than the California Court of Appeal or the DLSE, we must follow *Gomez* in applying the federal *de minimis* doctrine to Corbin's state wage claims. *Vestar Dev. II*, 249 F.3d at 960 (quoting *Lewis*, 87 F.3d at 1545). In any case, Corbin does not appeal the district court's application of the federal *de minimis* doctrine in deciding state wage claims.

of minutes, the "irregularity" of the work counseled in favor of finding the time *de minimis*. *Id*.

Here, all three factors of the *Lindow* test support the district court's conclusion that Corbin's one minute of uncompensated time accumulated by logging into an auxiliary computer program before logging into the Avaya/Kronos timekeeping program was *de minimis*. First, the practical administrative burden on TWEAN to cross-reference every employee's log-in/out patterns is quite high. To do so, TWEAN would have to double-check four time stamps (clocking in/out for work; clocking in/out for lunch) for each employee on each day on the off-chance that an employee accidentally loaded an auxiliary program like AAD before loading Avaya/Kronos. Indeed, Corbin's argument that TWEAN should have done such an analysis would require TWEAN to undermine its policy prohibiting off-the-clock work by proactively searching out and compensating violations. Moreover, Corbin's contention that the *de minimis* doctrine does not apply because TWEAN *could* ascertain the exact log-in/out times by scouring its computer records is baseless; the *de minimis* doctrine is designed to allow employers to forego just such an arduous task.

Second, the amount of compensable time at issue here is only one minute. Though there is "no precise amount of time" that courts have labeled *de minimis* per se, "[m]ost courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable." *Id.* at 1062. The claim at issue here is far less than the claim classified as *de minimis* in *Lindow* (Corbin's total of one minute of uncompensated time over multiple years of employment is roughly an eighth of each employee's claim of uncompensated time for a single day in *Lindow*), and

represents a minuscule amount of time when considered over Corbin's multi-year employment tenure. Accordingly, we find that this factor weighs heavily in TWEAN's favor.

Finally, the uncompensated time at issue here is not "regular" at all—it was the result of Corbin's violation of a company policy mandating that all work activities be on the clock. Indeed, the scarcity of examples to which Corbin can refer indicates that this practice does not occur with "regularity." Corbin explained in his deposition that he knew TWEAN prohibited off-the-clock work and that his standard practice was to log into Avaya/Kronos before booting up any auxiliary programs. And an analysis of Corbin's computer log-in records confirms that aside from the instance outlined above, Corbin faithfully complied with that standard practice over the course of his employment: The vast majority of time, Corbin followed TWEAN's employment policy and logged into Avaya/Kronos before logging into any other programs or beginning any other work.

Because the *Lindow* factors uniformly lean in favor of TWEAN, the district court properly classified the one minute of uncompensated time as *de minimis* and appropriately granted summary judgment to TWEAN on Corbin's "logging-in" claim.

## C. *Limiting Corbin's Claims to the Post-May 4, 2010 Period*

Corbin alleges that the district court improperly truncated the relevant employment window by granting summary judgment on all claims pertaining to hours worked before May 4, 2010—the date TWEAN transitioned from a wall-clock timekeeping system to the Avaya/Kronos online timekeeping system. This artificial reduction in the relevant

employment period, he argues, allowed "hundreds of dollars in damages" to go unconsidered. Specifically, Corbin alleges that he was not given a full and fair opportunity to address the impact of the change of timekeeping methods on his rounding claim,[12] arguing that TWEAN never raised this issue and that the district court shortened his claim *sua sponte*. TWEAN responds that it did raise the pre-May 4, 2010 issue and that Corbin had an opportunity to respond. Additionally, TWEAN notes that given the difference in timekeeping methods, Corbin's rounding claim could not be accurately adjudicated under the wall-clock system.

TWEAN has the better of the argument. First, Corbin's operative complaint only discusses the Avaya/Kronos system; he never addresses how a combination of TWEAN's wall-clock timekeeping system and its rounding policy deprived him of wages.

Moreover, Corbin had multiple opportunities to explain to the district court how and why his rounding claim should apply to the pre-May 4, 2010 timekeeping system, but never did so. As a "general rule, a district court may not sua sponte grant summary judgment on a claim without giving the losing party . . . an opportunity to present new evidence," *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989), and a "full and fair opportunity to ventilate the issues involved in the motion," *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982). Here, the district court did just that, explaining to the parties at a hearing on TWEAN's motion for summary judgment held more than a month before it issued

---

[12] Corbin recognizes that his logging-in claim has no applicability prior to May 4, 2010, as it was necessarily dependent on the existence of the Avaya/Kronos timekeeping system.

its ruling that it was "prepared to grant summary judgment as to any claims to recover for allegations prior to May 4 of 2010, which is the time frame that the employer went from the Kronos card-swipe system to the Kronos/Avaya phone system for clocking in." Corbin, despite being afforded the opportunity to respond, did not object to the pre-May 4 cut-off in his supplemental briefing on *the very rounding claim* at issue here. In light of the district court's pointed statements and requests, Corbin should have been well aware that he had an opportunity to respond to the truncating of the claims period. He made no such response.

Additionally, there is no genuine issue of material fact as to the applicability of Corbin's rounding claim to TWEAN's pre-May 4, 2010 timekeeping system. Corbin explained in his deposition that after clocking in at the wall-clock, he had a "five-minute grace period . . . to get to [his] desk and start up for the day." As Corbin's rounding claim turned on a very precise calculation of whether each individual employment minute was clocked in, rounded, and/or actually spent working, a nebulous daily five-minute period where Corbin perhaps went right to his desk to begin working or perhaps spent the time socializing would be impossible to analyze, especially after multiple years have passed. *See Alonzo*, 832 F. Supp. 2d at 1128–29 (refusing to sustain a rounding claim when time records show only that plaintiffs "may have been present on Defendant's premises but not engaged in work activities"); *see also See's Candy*, 210 Cal. App. 4th at 907–08 (same).

The district court did not err in granting summary judgment as to Corbin's pre-May 4, 2010 rounding claims.

D. *California State Claims*

To the extent that Corbin properly raised challenges on appeal to the district court's grant of summary judgment to TWEAN on his state law claims, *see supra* n.3, those challenges are denied.

California Labor Code § 510(a) explains that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a). This claim is derivative of the rounding claim analyzed above, and for the same reasons, we find no triable issue of material fact. *See supra* pp. 15–18; *see also See's Candy*, 210 Cal. App. 4th at 906.

California Labor Code § 226 guarantees each employee an "accurate itemized statement in writing showing (1) gross wages earned, [and] (2) total hours worked by the employee." Cal. Lab. Code § 226(a). Corbin argues that because TWEAN rounded his time stamps and did not compensate one minute of off-the-clock time spent booting up auxiliary computer programs, his wage statements did not accurately set forth his wages and hours worked. Because we uphold the validity of TWEAN's rounding policy and have found the one cited instance of off-the-clock work to be *de minimis*, Corbin's § 226 claim fails. The district court properly granted summary judgment on this claim.

E. *Motion for Reconsideration of Order Denying Class Certification*

Finally, Corbin requests that we remand his rounding claim to the district court for a class certification inquiry. Because we hold that the district court properly granted summary judgment to TWEAN as to Corbin's individual rounding claim, there is no need to remand this case to the district court for further proceedings.

The procedural history of this case is convoluted and warrants some discussion. On June 10, 2011, Corbin filed his first amended complaint in district court. This complaint did not explicitly plead a rounding claim. On May 18, 2012, Corbin moved to file a second amended complaint, seeking to add several new claims including the rounding claim at issue here. Three days later, on May 21, 2012, Corbin filed a motion seeking to certify a class of California-based employees as to both the rounding claim and the "logging-in" claim.[13] Corbin's motion to file a second amended complaint was denied on October 9, 2012, and on December 18, 2012, the district court denied Corbin's motion for class certification. The court explicitly addressed and denied class certification for the "logging-in" claim, but determined that as the rounding claim was not pleaded on the face of Corbin's first amended complaint—still the operative complaint in the case—it would not consider the rounding claim's viability for class certification.

---

[13] *See* Plaintiff's Memo. of Points & Authorities in Support of Plaintiffs' Mot. for Class Cert. at 55-1, p.1, *Waine-Golston v. Time Warner* (No. 11-cv-01057) (May 21, 2012). Corbin also sought class certification as to additional claims not at issue in this appeal. *Id*.

On January 2, 2013, Corbin filed a motion seeking reconsideration of the district court's order denying class certification. Corbin (somewhat confusingly) argued that a rounding claim was implied in his first amended complaint all along, and that his later effort to affirmatively plead the rounding claim via an amended complaint was nothing more than a "professional courtesy" to TWEAN.[14] As such, Corbin argued, his rounding claim was properly pleaded and warranted consideration for class certification.

In its order granting TWEAN's summary judgment motion, the district court explained that "[a]fter a careful review of the first amended complaint," Corbin *had* properly alleged that "Defendant failed to pay employees for overtime compensation based on Defendant's rounding policy." The district court considered the rounding claim on its merits, proceeded to grant summary judgment for TWEAN, and entered final judgment in favor of TWEAN.

Whatever the answer to Corbin's pleaded-or-not-pleaded argument, the district court's summary judgment ruling on the merits of Corbin's individual rounding claim fully moots the need for any further steps to be taken below. As explained above, *see supra* pp. 17–18, the district court properly granted summary judgment on Corbin's rounding claim. That rounding claim formed the basis of Corbin's motion for reconsideration—Corbin wanted the district court to certify the rounding claim as a class action. If the rounding claim is without merit as applied to Corbin, it follows that the district court need not inquire as to whether that meritless

---

[14] *See* Plaintiff's Mot. for Reconsideration of the Court's Order Denying Class Cert. at 92-3, p. 2, *Waine-Golston v. Time Warner* (No. 11-cv-01057) (Jan. 2, 2013).

claim should form the basis of a class action.  *See, e.g.*, *Wright*, 742 F.2d at 545–46 (affirming a district court's decision to decline to rule on a class certification motion after granting summary judgment to defendants "where considerations of fairness and economy [so] dictate"); *Boyle v. Madigan*, 492 F.2d 1180, 1181–82 (9th Cir. 1974) (finding dismissal of action before ruling on class certification was "the proper course to follow" because the "named plaintiffs [had] failed to state a claim in themselves for the relief they seek"); *see also J&R Marketing, SEP v. Gen. Motors Corp.*, 549 F.3d 384, 390 (6th Cir. 2008) (explaining that "[i]f it is found, prior to class certification, that the named plaintiffs' individual claims are without merit, then dismissal is proper").  In other words, the district court has no need to entertain Corbin's attempt to certify a class without a claim.  Accordingly, Corbin's request for reconsideration of his class certification motion is moot, and there is no further action for the district court to take.

## IV

Corbin has failed to demonstrate the existence of a material fact as to his rounding claim, his logging-in claim, or his derivative state claims.  Additionally, the district court did not err by limiting consideration of Corbin's rounding claim to the time period after the implementation of the Avaya/Kronos timekeeping system.  Finally, because we affirm the district court's grant of summary judgment to TWEAN on Corbin's rounding claim, there is no need for the district court to consider whether that claim can form the basis of a viable class action proceeding.

**AFFIRMED.**