
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATEI GEANTA, individually and on behalf of all the classes and aggrieved employees, | No. 14-56479 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-07416-BRO-JCG |
| v. | MEMORANDUM[*] |
| COMPASS HEALTH, INC., a California Corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted June 9, 2016[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and EATON, Judge[***]

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Appellant Matei Geanta (Geanta) challenges the district court's dismissal of his class action complaint alleging federal and state labor law violations against Appellee Compass Health, Inc. (Compass). Geanta contends that the district court failed to consider his individual federal and state law claims in holding that *res judicata* barred his class claims due to settlement of a related class action. Geanta also maintains that the district court improperly dismissed his state law claims for lack of jurisdiction.

The district court did not have the benefit of our recent precedent holding that class certification issues do not affect a plaintiff's standing. *See Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) ("Representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.") (citation, alteration, and internal quotation marks omitted). As a result, the district court failed to properly consider Geanta's individual claims in assessing its jurisdiction. The district court had jurisdiction over Geanta's individual claims, irrespective of whether Geanta could serve as an adequate class representative due to *res judicata* or his termination from Compass. *See id.*; *see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069,

1074 n.1 (9th Cir. 2016) (concluding that, because the plaintiff "pleaded a claim under the [Fair Labor Standards Act], a federal law, the district court . . . had federal question jurisdiction") (citation omitted).

Because the district court erroneously premised its dismissal of Geanta's individual claims for lack of subject matter jurisdiction over Geanta's class claims, dismissal of Geanta's related state claims was premature. *See* 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .").

**REVERSED and REMANDED for further proceedings consistent with this disposition.**