NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ANTHONY JENKINS, | No. 18-35314 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00558-SI |
| v. | |
| STEVE SHELTON, Director of Health Service, Oregon Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 12, 2019**

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges

Oregon state prisoner Richard Anthony Jenkins appeals pro se from the

district court's summary judgment and dismissal order in his action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Jenkins's deliberate indifference claims against defendants Shelton, Hughes, Clements, Gulick, and Taylor because Jenkins failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in the treatment of Jenkins's medical problems and pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference). Because the district court granted summary judgment on the merits of Jenkins's deliberate indifference claims as to these defendants, the district court did not err in failing to consider Jenkins's motion for class certification attached to his Declaration in Opposition to Summary Judgment. *See Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) ( "[A] district court need not inquire as to whether [a] meritless claim should form the basis of a class action.").

The district court properly dismissed defendant Little for lack of personal jurisdiction because Jenkins failed to allege facts sufficient to establish that Little

2                                                                                           18-35314

has "continuous and systematic" contacts with Oregon that "approximate physical presence," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation and internal quotation marks omitted) (general jurisdiction), or that his claims arose out of or relate to Little's forum-related activities, *see Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2008) (specific jurisdiction).

The district court did not abuse its discretion by considering Dr. Koltes's declaration in ruling on the motion for summary judgment because the declaration was signed under penalty of perjury, and Dr. Koltes had personal knowledge of the facts in her declaration. *See Block v. City of Los Angeles*, 253 F.3d 410, 416, 419 (9th Cir. 2001) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

We reject as unsupported by the record Jenkins's contentions that the district court denied him due process or failed to consider his filings and evidence.

Jenkins's motion for a certificate of appealability (Docket Entry No. 36) is denied as unnecessary.

**AFFIRMED.**

18-35314