NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QUY TRUONG,

            Plaintiff-Appellee,

  v.

GARDEN SQUARE PARKING
ASSOCIATION, a California corporation,

            Defendant-Appellant.

No.   19-55169

D.C. No.
8:17-cv-01758-AG-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 8, 2020
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Defendant-Appellant Garden Square Parking Association (GSPA) appeals the

district court's orders granting summary judgment to Plaintiff-Appellee Quy Truong

under the Americans with Disabilities Act (ADA) and California's Unruh Civil

Rights Act, and requiring GSPA to post an appeal bond under Federal Rule of

Appellate Procedure 7.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Truong had standing to sue under the ADA. Truong, a paralytic, alleged that when he visited GSPA's parking lot, he was unable to find a correctly configured parking space, which made his patronage of the property "dangerous" and "difficult." Truong had standing because "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, . . . he possesses standing under Article III." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008)). Truong also sufficiently alleged that "discriminatory architectural barriers deter[red] him from returning to a noncompliant accommodation," *id.* at 950, so that he could pursue injunctive relief.

2. Because there are no genuine disputes of material fact, the district court correctly entered summary judgment for Truong. Fed. R. Civ. P. 56. To prevail on an ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). GSPA argues only that there is a factual dispute as to the ownership of the parking lot at issue. But Truong submitted evidence confirming GSPA's ownership of the lot. Summary judgment

for Truong was therefore proper.

3. The district court did not err in correcting its judgment. Under Federal Rule of Civil Procedure 60(a), "[a] court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Here, the district court did so with leave of this court, confirming in its amended judgment that Truong was entitled to both statutory damages and injunctive relief. GSPA's argument that attorney's fees were improperly awarded because Truong was not the prevailing party under the ADA is thus meritless.

4. GSPA claims the district court violated Federal Rule of Appellate Procedure 7 in including anticipated appellate attorney's fees in the appeal bond. However, there is no indication that GSPA argued below that anticipated appellate attorney's fees should be excluded from the bond amount. As the district court noted, Truong's motion for an appeal bond was "substantively unopposed."

In this court, GSPA argues only that appellate attorney's fees should not have been included in the bond because the district court's original judgment was defective. This argument fails because, as noted, the district court was permitted to amend its judgment to correct a clerical mistake. Fed. R. Civ. P. 60(a). GSPA has failed to preserve on appeal any other objections to the bond. *See Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1075 n.3 (9th Cir. 2016) (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)) ("[W]e

'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'").

5.  We have carefully considered GSPA's other arguments and conclude they are without merit.

**AFFIRMED.**[1]

---

[1] We deny as unnecessary and irrelevant GSPA's motions for judicial notice (ECF Nos. 16, 57, 72).